IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30271
_____


SANDRA M. CRAWFORD, individually on
behalf of her deceased husband, Van M.
Crawford and as the administratrix of
the succession of decedent; KEVIN M.
CRAWFORD; KELLY CRAWFORD PRIMEAUX,

                              Plaintiffs-Appellants,


versus

MARTIN-MARIETTA TECHNOLOGIES, INC.;
KATHY A. EATON,

                              Defendants-Appellees.
_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(95-CV-1596-A)
_____

October 30, 1996

Before REYNALDO G. GARZA, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Van Crawford, an employee of Martin-Marietta Technologies, Inc., committed suicide in his home on April 14, 1994. On the afternoon of his death, Mr. Crawford had requested an appointment to talk with psycological counselor provided by his work, but agreed to wait until the following day for an appointment.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Contending Martin-Marietta was negligent in failing to schedule the appointment, the appellants sue for the wrongful death of the decedant and for negligent infliction of the severe emotional distress caused when Ms. Crawford discovered her husband's body.  We may affirm the distict court's decision on any grounds supported by the record.  Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1146 (5th Cir. 1993).  On the record before us, we hold, as a matter of law, that the suicide was not a foreseeable consequence of Martin-Marietta's failure to schedule an appointment with a conselor, we AFFIRM the district court's opinion.

A F F I R M E D.